**NOT FOR PUBLICATION**                     CASE CLOSED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

SALUSTIANA RENTA,

          Plaintiff,          Civil Action No. 06-5982(SDW)

  v.

JO ANNE BARNHART, ET AL.,

          Defendants.         **OPINION**

                                              April 1, 2008

**WIGENTON, District Judge**

    Before the Court is Plaintiff Salustiana Renta's appeal pursuant to 42 U.S.C. § 405(g) from the final administrative decision of the Commissioner of the Social Security Administration, with respect to Administrative Law Judge Ralph J. Muehlig's denial of Plaintiff's claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(c).  This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Administrative Law Judge's decision is **AFFIRMED**.

**I. Jurisdiction/Venue**

    The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) and 5 U.S.C. § 706, as there has been a final decision by the Commissioner.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**II. Background**

    Plaintiff Salustiana Renta (hereinafter, "Plaintiff") filed an application for Supplemental Security Income (hereinafter, "SSI") on June 5, 2001 alleging that she could not work because of

her "arthritis, poor blood circulation, a history of tumor removal, hypertension, . . . high cholesterol," emotional problems and mental condition.  (Pl.'s Br. at 2.) (D.'s Br. at 2.) Plaintiff's treating physician, Dr. Arnold Jacques (hereinafter, "Dr. Jacques"), diagnosed Plaintiff with a mental impairment which is deteriorating and causing the Plaintiff to have poor short-term memory and concentration.  (Pl.'s Br. at 8.)

Plaintiff's application with the Social Security Administration was denied on October 3, 2001 and, again, on reconsideration in November 2001.  (Compl. ¶¶ 7, 8.)  Plaintiff then filed a timely appeal, and a disability hearing was conducted before Administrative Law Judge Ralph J. Muehlig (hereinafter, "ALJ") on June 11, 2003.  (Compl. ¶ 10.) (Pl.'s Br. at 1.)  On June 27, 2003, the ALJ issued an Unfavorable Decision, denying Plaintiff's SSI application.  (Compl. ¶ 11.) (Pl.'s Br. at 1.)  The ALJ denied disability benefits to Plaintiff after determining that from the date of Plaintiff's application, June 5, 2001, to the date of the ALJ's decision, June 27, 2003, "the claimant is not disabled within the meaning of the Social Security Act."  (Unfav. Dec. at 1, June 27, 2003.)

Plaintiff then filed a timely appeal with the Office of Hearings and Appeals.  On January 24, 2005, the Office of Hearings and Appeals issued an Order remanding Plaintiff's case to the ALJ with instructions.  (Compl. ¶ 13) (Pl.'s Br. at 1.)  A second hearing was held before the ALJ on May 26, 2005, and the ALJ rendered another Unfavorable Decision on November 29, 2005 (hereinafter, "November 29, 2005 Decision").  (Compl. ¶¶ 14, 15.)  The ALJ's denial of Plaintiff's application was based on the fact that she is able to perform her past relevant work as factory worker and office cleaner despite her impairments.  (Unfav. Dec. at 16, Nov. 29, 2005.)

Plaintiff claims that the ALJ's November 29, 2005 Decision was not based upon substantial evidence but rather upon the ALJ's subjective opinions regarding Plaintiff's travel to

the Dominican Republic, Plaintiff's credibility and Plaintiff's Immigration Appeal.  (Pl.'s Br. at 6.)  Based on these allegations, Plaintiff filed a second timely appeal with the Office of Hearings and Appeals on January 27, 2006.  (Compl. ¶ 16.)  The appeal request was denied on October 11, 2006.  (Compl. ¶ 17.)

Plaintiff asserts that all efforts to procure an administrative remedy have been exhausted.  (Compl. ¶ 18.)  Consequently, Plaintiff has filed an action asking this Court to reverse the ALJ's November 29, 2005 Decision and hold that Plaintiff is disabled as within the meaning of the Social Security Act.  (Pl.'s Br. at 10.)

### III.  42 U.S.C. § 405

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. § 405(g); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *see also* 42 U.S.C. § 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  *Stunkard v. Sec'y of Health & Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988) (quoting *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979)).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981).  Furthermore, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In the determination of whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v. Harris*, 508 F.Supp. 791, 793 (D.N.J. 1981) (citing *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972)). Where there is substantial evidence to support the Commissioner's decision, it is of no consequence that the record contains evidence which may also support a different conclusion. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing *Monsour Med. Ctr. v. Heckler* 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

## IV. <u>Standard For Determining Eligibility of Disability Benefits</u>

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also, e.g.*, 42 U.S.C. § 1382c(a)(3)(A); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). A disabling impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An individual will be deemed to be disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in *any*

*other kind of substantial gainful work* which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added).

In determining whether an individual is disabled, the Social Security Administration has established a five-step evaluation process. 20 C.F.R. § 404.1520; *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). First, if the claimant is currently engaged in substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). Second, if the claimant does not suffer from a "severe" impairment, she/he is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). Third, if the claimant suffers from an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is automatically eligible for benefits. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d). However, if the claimant does not suffer from a listed impairment or its medical equivalent, the Commissioner will proceed to the next step. 20 C.F.R. § 404.1520(e). In step four, if the Commissioner finds that claimant retains the "residual functional capacity" to perform his past relevant work, he is not eligible for disability benefits. 20 C.F.R. § 404.1520(a)(4)(iv). Fifth, and finally, if the claimant, given his medical impairments, age, education, past work experience, and residual functional capacity, can perform other work that exists in significant numbers in the national economy, he is not disabled and is not entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(v). The burden is on the claimant to prove the first four factors, but once the claimant has demonstrated that he is unable to perform his former job, the burden shifts to the Commissioner "to prove that there is some other kind of substantial gainful employment he is able to perform." *Kangas*, 823 F.2d at 777 (citing *Chicager v. Califano*, 574 F.2d 161 (3d Cir. 1978)).

Here, the ALJ found, and the parties do not dispute, that: (1) Plaintiff has not engaged in substantial gainful activity since February 21, 2000 (Unfav. Dec. at 11, Nov. 29, 2005); (2)

"Plaintiff's arthritis, back pain, hypertension, chest pain, high cholesterol, history of breast tumor surgery, cognitive impairment, major depressive disorder, generalized anxiety disorder, and dependent personality disorder were severe impairments" (D.'s Br. at 6); and (3) Plaintiff's impairments did not meet the criteria specified in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (D.'s Br. at 6).  Therefore, the question before this Court is whether the ALJ properly determined, at step four, that Plaintiff was not disabled because she has the residual functional capacity "for a range of medium work with mental impairments that limited her to simple repetitive tasks." (D.'s Br. at 6.)  For the reasons set forth below, this Court finds that substantial evidence supports the ALJ's Decision, on step four, and that Plaintiff was not disabled.

## V. The ALJ Properly Evaluated Plaintiff's Residual Functioning Capacity (Step Four)

The Commissioner must determine a claimant's residual functioning capacity (hereinafter, "RFC") before deciding whether the claimant has the RFC to perform the requirements of her past relevant work.  20 C.F.R. § 416.920(e), (f).  RFC is the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.  20 C.F.R. § 416.945; SSR 96-8p.  RFC must be determined upon consideration of all symptoms, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence.  (Unfav. Dec. at 13, Nov. 29, 2005).  The ALJ must also consider medical opinions which are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and . . . physical or mental restrictions." 20 C.F.R. § 416.927(a)(2).

When a medical opinion is consistent with other substantial evidence, it is given controlling weight.  20 C.F.R. §§ 416.927(c)(1), (d)(2).  However, if a medical opinion is either inconsistent with other evidence in the case or is internally inconsistent, the Commissioner will "weigh all of the evidence [to decide] whether [the claimant] is disabled."  20 C.F.R. § 416.927(c)(2).  Furthermore, issues which are dispositive in deciding the claimant's eligibility for disability benefits will be decided by the Commissioner based on his role as an adjudicator, rather than based on that of a physician's medical opinion.  SSR 96-5p (1996); 20 C.F.R. § 416.927(e).

Here, the ALJ determined that Plaintiff had the RFC to perform a range of medium work as defined in 20 C.F.R. § 416.967.[1]  (Unfav. Dec. at 14, Nov. 29, 2007.)  Since Plaintiff's past relevant work as a factory worker and office cleaner falls within these parameters, the ALJ determined Plaintiff was not disabled.  (Unfav. Dec. at 15, Nov. 29, 2007.)  The ALJ reached his decision after considering the totality of the evidence.  (Unfav. Dec. at 14-15, Nov. 29, 2007).  In addition to Dr. Jacques's medical opinions, the ALJ considered the medical opinions of several other physicians who had evaluated Plaintiff.  (Unfav. Dec. at 13, Nov. 29, 2007.)  Indeed, the ALJ goes to great lengths in developing the record to include each physician's medical opinion.  (Unfav. Dec. at 3-11, Nov. 29, 2007.)

Plaintiff argues the ALJ did not accord sufficient weight to Dr. Jacques's medical opinion and accorded too much weight to Dr. Buceta's medical opinion.  (Pl.'s Br. at 8.)  The ALJ referenced multiple sources in making his decision.   The ALJ made reference to Dr.

---

[1] 20 C.F.R. § 416.967(e) provides that "medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, we determine that he or she can also do sedentary and light work."

7

Bagner's report, which reflected that Plaintiff ambulated without difficulty and did not need a cane. (Unfav. Dec. at. 13, Nov. 29, 2005.) The ALJ referenced Dr. Sinha's opinion that Plaintiff had 5/5 strength in all limbs and no focal or sensory neurological deficits. (Unfav. Dec. at 14, Nov. 29, 2005.) Finally, the ALJ examined the opinions of both Dr. Buceta and Dr. Jacques regarding the Plaintiff's cognitive impairment. (Unfav. Dec. at 14, Nov. 29, 2005.) Based on these doctors' opinions, the ALJ determined that Plaintiff's cognitive impairment did not rise to the level of disability. (Unfav. Dec. at 14, Nov. 29, 2005.) Dr. Buceta's opinion was just one source of evidence for the ALJ. Further, the ALJ was under no obligation to weigh Dr. Jacques's opinion more heavily as it was inconsistent with the other evidence. Consequently, the record adequately supports the ALJ's conclusion.

Plaintiff further argues that the ALJ improperly evaluated Plaintiff's credibility. (Pl.'s Br. at 6-7.) Specifically, Plaintiff contends that the ALJ based his decision on his own subjective opinions that Plaintiff traveled alone to the Dominican Republic and that Plaintiff was trying to strengthen her Immigration Appeal. (Pl.'s Br. at 6-8.) As shown above, the ALJ did not rely exclusively on any one fact in making his decision. (Unfav. Dec. at 13-15, Nov. 29, 2005.) Plaintiff's travel was but one factor in the ALJ's analysis. Further, the same can be said about the weight given to Plaintiff's possible motivation to strengthen her Immigration Appeal. The Court finds that the ALJ's decision was not controlled by any one factor, but was instead based on the totality of the evidence, satisfying the substantial evidence standard.

Since this Court is satisfied with the ALJ's decision that Plaintiff was not disabled pursuant to step four, there is no need to evaluate the Plaintiff pursuant to step five.

## VI. Conclusion

As there is substantial evidence in the record to support the ALJ's findings and the Commissioner's determinations, they are conclusive. For the foregoing reasons, the ALJ's decision is **AFFIRMED**, and this case is closed.

An Order follows.

**S/Susan D. Wigenton, U.S.D.J.**

cc: Judge Madeline Cox Arleo, U.S.M.J.